UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HASSAN CRAWFORD | * | COMPLAINT |
| Plaintiff, | * | |
| | * | PLAINTIFF DEMANDS |
| | * | TRIAL BY JURY |
| vs. | * | |
| | * | |
| GC SERVICES LP., | * | |
| | * | |
| BRIAN GENTRY, | * | 1:15CV318 |
| | * | |
| MEAGAN CONWAY, | * | J. BECKWITH |
| | * | |
| DOES 1-10, | * | M.J. BOWMAN |
| | * | |
| Defendants. | * | |

Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER COLLECTION PRACTICES ACT, THE OHIO DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, GC Services Limited Partnership, (hereafter "CA"), Brian Gentry, Meagan Conway and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Ohio Consumer Collection Practices Act (§ 1319 (hereafter "OCCPA")), and the Ohio Deceptive and Unfair Trade Practices Act (§1345.02 et. seq. (hereafter "ODUTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Clermont and Hamilton Counties in the State of Ohio, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in

one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Clermont County, in Ohio.
6. The Defendant GC Services Limited Partnership is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The other Defendant(s), Brian Gentry and Meagan Conway, are employee(s) of the other Defendant(s) GC Services Limited Partnership., were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of GC Services Limited Partnership.
8. The Defendant Brian Gentry, Meagan Conway and Franl Taylor was the collections manager, general counsel, president, for the GC Services Limited Partnership during the period inclusive of Fall 2014 to present.
9. The other Defendant, Desiree Turnipseed, is an employee of the other Defendant GC Services Limited Partnership, during the period extending from September 2014 through present, and acted as the duly authorized agents for their employers.
10. All Defendants are considered a "person", under Black's Law Dictionary 4th edition..

FACTS

11. Plaintiff received a debt collection letter from Brian Gentry and GC Services Limited Partnership on and around March 2015.
12. Plaintiff is therefore a "consumer," as defined by Ohio Statute 1345.
13. When the Plaintiff received debt collection letters from defendant on and around March 2015, plaintiff requested validation and other proofs, in which defendant(s) didn't respond until April 16, 2015. Defendants never provided requested documentation.
14. Plaintiff then sent an intent to sue letter to defendants on and around April 2015 giving them 3 days to respond.
15. On and around April 2015, plaintiff demanded proof from GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

16. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
17. The defendants GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Franl Taylor are debt collectors, as defined by 15 U.S.C. § 1692a(6).
18. The defendants GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Franl Taylor violated the FDCPA by:
19. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt
20. Violations of § 1692e (8) communicating information which is known to be false
21. The foregoing violations of the FDCPA are among the Defendants' standard procedures and

practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

22. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
23. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
24. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.
25. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(1)
26. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(1) after the Plaintiff's notice of dispute was received at the offices of Collection Agency.
27. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(1)(D).
28. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(1).
29. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor.

COUNT 3- VIOLATIONS OF THE OHIO
CONSUMER COLLECTION PRACTICES ACT

30. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
31. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, violated Ohio Statute § 1319, by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.
32. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, violated Ohio Statute § 1319, by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

33. The Defendants GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, violated Ohio Statute § 1319, by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

34. The Defendants GC Services Limited Partnership, violated Ohio Statute § 1319, as evidenced by the fact that Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor, while acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

35. GC Services Limited Partnership, Desiree Turnipseed, Brian Gentry, Meagan Conway and Frank Taylor failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.

36. The Defendants each separately and individually violated Ohio Statute § 1319, by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

37. The Defendants each separately and individually violated Ohio Statute § 1319, by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

COUNT 4- VIOLATIONS OF THE OHIO DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT

38. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.

39. The actions stated herein and carried out by the defendants were violations of Ohio State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by state statute §1345.02.

40. Unfair and/or deceptive trade practices are a violation of the Ohio Deceptive and Unfair Trade Practices Act pursuant to §1345.02.

COUNT 5- INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

41. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.

42. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

43. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.


REQUESTED RELIEF
WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the Ohio Consumer Collection Practices Act, and the Ohio Deceptive and Unfair Trade Practices Act.

For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:
1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.
2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.
For an order awarding actual damages in the following amount:
1. Against Frank Taylor, in the amount of $200.
2. Against Desiree Turnipseed, in the amount of $200.
3. Against Brian Gentry, in the amount of $200.
4. Against Meagan Conway, in the amount of $200.

D) For an order awarding statutory damages in the following amounts:
1. Against GC Services Limited Partnership, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.
2. Against Desiree Turnipseed, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.
3. Against Brian Gentry, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.
4. Against Meagan Conway, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.
5. Against Frank Taylor, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.
(E) For an order awarding punitive damages as follows:
1. Against GC Services Limited Partnership, in the amount of $17,000.
2. Against Brian Gentry, in the amount of $2,500.
3. Against Meagan Conway, in the amount of $1,000.
4. Against Frank Taylor, in the amount of $1,000.
5. Against Desiree Turnipseed, in the amount of $1,000.
And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

By: Hassan Crawford authorized representative
3103 Water St. Apt. 3103
Milford, OH [45150]
abdulc1974@gmail.com
1(661-748-0240)

Exhibit 7

Sincerely,

By: _Hassan Crawford A.R._

Exhibit 4

Date: April 20, 2015

GC Services, LP
6330 Gulfton PO Box 2667
Houston, TX 77081

Re: Alleged Acct #1001035769

To Whom It May Concern:

I conditionally accept your offer upon verified proof of claim. With the exception of the validation communication requested herein, cease and desist from all communications concerning this putative debt. Be advised, this is not a refusal to pay the alleged, rather it is a notice sent pursuant to the [cf. Federal Fair Debt Collection Practices Act (i.e. 15
U.S.C. 1692(g) § 809 (b))] and the [cf. Pennsylvania Fair Credit Extension and Uniformity Act (i.e. 73 P.S. § 2270.1, et seq.)] that your debt may be disputed and validation is demanded. Please validate the alleged debt within 30 days by providing the following information:

The nature of the debt (e.g., credit card, consumer loan, medical bill, etc.);

- A current balance owed on the debt;
- A complete itemization of all charges (e.g., principal, fees, interest);
- Copies of all invoices, bills, and notices concerning this alleged debt;
- A copy of any judgment obtained with respect to the alleged debt;

- Evidence that you are authorized and licensed to receive payment of this debt;
- Identification of the original creditor ;
- If this debt has been purchased or assigned, a copy of all related agreements.
- Original contract/agreement with wet ink signature (terms and conditions highlighted)

Be advised, any failure to provide the above requested information within that 30 day time frame is deemed a waiver of the right to pursue the above referenced debt and all references to this account must be deleted from your files as well as from the files of the current creditor, and
from the files of all of the credit reporting agencies.

Additionally, the debtor(s) identified above hereby revoke in writing any and all authority previously extended to you or anyone on your behalf to debit, charge, withdraw or deduct any sums from any accounts held by the debtor. This revocation of authority includes but is not limited to any credit cards, debit cards, bank accounts, credit union accounts, EFT's, check by phone, etc. Essentially, you no longer have authority or permission to access any accounts held by the debtor(s) or withdraw any sums from the debtor(s) accounts. Additionally, if you failed to timely provide the above requested validation information, the following privileges are hereby voided (if they ever existed): any contractual confessions of judgments, any contractual cross collateralization provisions, any contractual arbitration provisions.

Hassan Crawford
3103 Water St.
Apt. 3103
Milford, OH 45150

Accepted for Value
Exempt from Levy
without recourse
By: Hassan Crawford authorized representative
Exemption ID# 215114720
Date: May 12, 2015
Deposit to US TREASURY
and charge the same to
clerk of court case #
1:15-cv-00197-TSB-KLL

MONEY ORDER  5/13/2015

Pay to: United States Treasury        $

Accepted for Value
Exempt from Levy
without recourse

By: Hassan Crawford authorized representative
Exemption ID# 215114720
Date: May 12, 2015
Deposit to US TREASURY
and charge the same to
clerk of court case #
1:15-cv-00197-TSB-KLL

By: Hassan Abdul Crawford
authorized representative
EIN 215114720

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

HASSAN CRAWFORD,
Plaintiff,

vs.

DIVERSIFIED ADJUSTMENT
SERVICE, INC., *et al.*,
Defendants.

Case No. 1:15-cv-197
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

2

MONEY ORDER 1/12/2015

Pay To: United States Treasury $ _____

*Accepted for Value*
*Exempt from Levy*
*without recourse*

*By: Hassan Crawford authorized representative*
*Exemption ID# 215114720*
*Date: May 12, 2015*
*Deposit to US TREASURY*
*and charge the same to*
*clerk of court case #*
*1:15-cv-00197-TSB-KLL*

By: Hassan Abdul Crawford
authorized representative
EIN 215114720

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HASSAN CRAWFORD,

    Plaintiff,

vs.

DIVERSIFIED ADJUSTMENT
SERVICE, INC., et al.,

    Defendants.

Case No. 1:15-cv-197

Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

On March 25, 2015, plaintiff was granted a thirty-day extension of time to pay the required filing fee or resubmit his application to proceed *in forma pauperis* with the appropriate notarization or declaration under penalty of perjury. (Doc. 2). Plaintiff was advised that his complaint will not be deemed "filed" until the appropriate filing fee is paid or he is granted leave to proceed *in forma pauperis*. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Plaintiff was also advised that if he fails to pay the filing fee or resubmit his application to proceed *in forma pauperis* within thirty days, the undersigned would issue a report recommending that his application to proceed without prepayment of fees or costs be denied. (Doc. 2).

To date, more than thirty days later, plaintiff has failed to comply with the Court's order. Plaintiff's "notice: Verifications" filed on April 21, 2015 (Doc. 3) does not address the deficiencies noted above. Accordingly, it is **RECOMMENDED** that plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this matter be closed and terminated on the docket of this Court.

4/29/15
Date

Karen L. Litkovitz
United States Magistrate Judge

5/12/2015

Money order

Pay To: United States Treasury

**Accepted for Value
Exempt from Levy
without recourse
By: Hassan Crawford authorized representative
Exemption ID# 2151/4720
Date: May 12, 2015
Deposit to US TREASURY
and charge the same to
clerk of court case #
1:15-cv-00197-TSB-KLL**

MONEY ORDER 11/12/2015

Pay To: United States Treasury

$

Accepted for Value
Exempt from Levy
without recourse
By: Hassan Crawford authorized representative
Exemption ID# 215114720
Date: May 12, 2015
Deposit to US TREASURY
and charge the same to
clerk of court case #
1:15-cv-00197-TSB-KLL

By: Hassan Abdel Crawford
authorized representative
EIN 215114720

**Other Orders/Judgments**
1:15-cv-00197-TSB-KLL
Crawford v. Diversified
Adjustment Service, Inc. et al

IFP-MOT,LC1,PRO SE

# U.S. District Court

## Southern District of Ohio

**Notice of Electronic Filing**

The following transaction was entered on 4/29/2015 at 10:51 AM EDT and filed on 4/29/2015
**Case Name:** Crawford v. Diversified Adjustment Service, Inc. et al
**Case Number:** 1:15-cv-00197-TSB-KLL
**Filer:**
**Document Number:** 4

**Docket Text:**
REPORT AND RECOMMENDATION that plaintiff's [1] MOTION for Leave to Proceed in forma pauperis be Denied and that this matter be closed and terminated on the docket of the Court. Objections to R&R due by 5/18/2015. Signed by Magistrate Judge Karen L. Litkovitz on 4/29/2015. (art)(This document has been sent by regular mail to the party (ies) listed in the NEF that did not receive electronic notification.)

**1:15-cv-00197-TSB-KLL Notice has been electronically mailed to:**

**1:15-cv-00197-TSB-KLL Notice has been delivered by other means to:**

Hassan Crawford
3103 Water St.
Apt. 3103
Milford, OH 45150

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=4/29/2015] [FileNumber=4879459-0
] [3dfa15b037ddc9cad64618e3f231724378a48be1f04e83ca41e5b7607785c24520a
5aca04e331360013f717e9faaacb05cb2ec410450562ead9f5b2ebcd0ccd2]]

Hi Karen greetings,

i, a man hassan crawford, i am an i not a you, and you, a woman, Karen L. Litkovitz are causing me harm by violating my right to access a public building and hold my court. i, a man, am bringing forth this claim in the common law and evoking my 7th Amendment right to trial by jury. i know, you, a woman don't want to cause harm to man, i wish for restoration of property.

non assumpsit    hassan crawford