UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2015 JUN 11  PM 2: 40

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

HASSAN CRAWFORD,

    Plaintiff,

v.

GC SERVICES, et al.,

    Defendants.

Case No. 1:15-cv-318

Beckwith, J.
Bowman, M.J.

# REPORT AND RECOMMENDATION

## I. Current Complaint

Plaintiff filed a complaint on May 14, 2015 against GC Services, Brian Gentry, Meagan Conway, and ten "John Does," alleging multiple claims including violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Ohio Consumer Collection Practices Act, and the Ohio Deceptive and Unfair Trade Practices Act.  (Doc. 1).  Because Plaintiff failed to include either the full filing fee of $400.00 or an application and affidavit to proceed *in forma pauperis*, the undersigned filed a deficiency order directing Plaintiff to pay the requisite fee or submit an application to proceed *in forma pauperis* within twenty days.  (Doc. 2).

## II. Prior Complaints and Analysis

The deficiency order stated, in relevant part:

> Plaintiff is presumed to be aware of the requirement to either pay the fee or to file a motion seeking leave to proceed *in forma pauperis*, based upon his prior proceedings in this Court.
>
> The undersigned takes judicial notice that the same plaintiff, Hassan Crawford, has recently filed two complaints alleging similar Fair Debt Collection Act and related claims against differing sets of

Defendants. *See, e.g.*, Case Nos. 15-cv-196, 15-cv-197. In the two previously filed cases, Plaintiff initiated suit by filing a motion for leave to proceed *in forma pauperis*, but the undersigned and Magistrate Judge Litkovitz (to whom Case No. 15-cv-197 was assigned) have recommended the dismissal of both cases based upon Plaintiff's failure (and subsequent apparent refusal) to include a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.18. In fact, while the purpose in doing so remains unclear, Plaintiff has attached portions of documents from Case No. 15-cv-197 to the instant complaint. (*See* Doc. 1 at 10, 12, 15).

Plaintiff cannot initiate a third lawsuit in this Court without either paying the requisite fee or filing an appropriate motion to proceed without payment of fees.

(*Id.*). The Order concluded with the warning that: "If Plaintiff fails to pay the filing fee or to submit an application to proceed *in forma pauperis* within this time limit, the undersigned will recommend dismissal of this matter." (*Id.*).

As reflected in the deficiency order filed in the above-captioned case, when Plaintiff filed non-complying documents instead of conforming to the Court's explicit directives in his prior two cases, both U.S. Magistrate Judge Karen L. Litkovitz and the undersigned filed Reports and Recommendations that recommended that Plaintiff's motions for leave to proceed *in forma pauperis* be denied, with the respective cases to be closed and terminated on the docket of this Court. In *Crawford v. Diversified Adjustment Service, Inc.*, Case No. 1:15-cv-197, Judge Black adopted that R&R and dismissed Plaintiff's case on May 19, 2015. In *Crawford v. Jefferson Capital Systems, LLC*, Case No. 1:15-cv-197, Plaintiff prevented the adoption of the R&R by voluntarily dismissing his case on May 14, 2015 "without prejudice" - before Judge Dlott could rule on the pending R&R.

Plaintiff apparently believes that he can continue to file similar cases without consequence, perhaps in hope of a different outcome with a new judge. In response to

2

the deficiency order in this case, Plaintiff has once again filed non-conforming documents. Although he has filed a document that was docketed as a "motion for leave to proceed *in forma pauperis*," (Doc. 3), Plaintiff has carefully obliterated the portion of the affidavit that swears "under penalty of perjury," thereby continuing his blatant refusal to include a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.18. At the same time, he has hand-written multiple times the following phrase or some variation thereof: "Accepted for value. Exempt from Levy June 3, 2015, Exemption ID #215114720, Deposit $400 to United States Treasury and charge the same to Hassan Crawford…and Credit $400 to United States District Court." Plaintiff's attempt to "charge" the filing fee with the above verbiage without actually paying said fee, combined with his continuing refusal to include a declaration under penalty of perjury, warrant a recommendation that this case be dismissed **with** prejudice.

In light of the fact that this is the third such case that Plaintiff has filed in short succession, and considering the burden imposed upon this Court with his persistent refusal to pay the requisite filing fee or to submit a non-frivolous motion to proceed *in forma pauperis*, Plaintiff is forewarned that he may face additional sanctions as a vexatious litigator if he continues to file similar cases without paying the requisite fee or filing a properly completed application to proceed *in forma pauperis*, supported by a declaration under penalty of perjury.

### III. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be DENIED and that this case be dismissed <u>with prejudice</u>. While Plaintiff may file objections to this R&R, IT IS FURTHER

3

RECOMMENDED THAT Plaintiff NOT be permitted to evade dismissal with prejudice or ruling on the R&R by voluntarily dismissing this case "without prejudice."

                                                  *s/ Stephanie K. Bowman*
                                                  Stephanie K. Bowman
                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HASSAN CRAWFORD,

    Plaintiff,

v.

GC SERVICES, et al.,

    Defendants.

Case No. 1:15-cv-318

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).